Robinson, J.
 

 This was an action by the superintendent of banks of the state of Ohio, as liquidator of the State Exchange Bank of Stryker, Ohio, against Leon P. Charpiot, upon a promissory note executed by him on July 1, 1921, maturing January 1, 1922, to the Exchange Bank of Henry F. Bruns, of which bank Henry F. Bruns was the sole owner.
 

 
 *68
 
 Plaintiff in error, pleaded a number of defenses, among them the defense that the State Exchange Bank was not the owner of the note and, therefore, that the superintendent of banks, as liquidator of that bank, had no capacity to bring the action; also, the defense that the note was without consideration —an accommodation note to the Exchange Bank of Henry F. Bruns — that the note had matured during the life of Henry F. Bruns and was owned and possessed by the Exchange Bank of Henry F. Bruns at the death of Bruns, at which time that bank discontinued operation.
 

 It appeared by the pleadings, or the evidence, at the trial, that the State Exchange Bank was organized by F. Maurice Bruns, a son of Henry F. Bruns, in co-operation with certain other citizens of Stryker, Ohio, immediately after the death of Henry F. Bruns and the consequent closing of the Exchange Bank of Henry F. Bruns; that the son, F. Maurice Bruns, was the cashier of vthe Exchange Bank of Henry F. Bruns at the date the note was executed, and thereafter to the date the bank whs closed, and was fully conversant with the terms and circumstances of the execution of the note sued upon; that he became cashier of the State Exchange Bank immediately upon its organization; that the note came into the possession of the State Exchange Bank by reason of a contract entered into between the State Exchange Bank and the widow and two children of Henry F. Bruns; that an administratrix was appointed to administer the estate of Henry F. Bruns, and that she and her successor
 
 de bonis non
 
 administered such estate, but did not include in such administration the estate of the Exchange Bank of ,
 
 *69
 
 Henry F. Bruns; and that no proceeding of any kind or character was had in any court to authorize the transfer of th$ assets of the Exchange Bank of Henry F. Bruns to the State Exchange Bank, nor was it done by the action of its creditors.
 

 It also appeared that the note in question was executed by the plaintiff in error to the Exchange Bank of Henry F. Bruns after the superintendent of banks had disapproved certain securities held by that bank, in which Henry F. Bruns was interested personally and which were of doubtful value, and that this note was executed to partially take the place of such securities to satisfy the requirements of the superintendent of banks.
 

 While there was evidence that Henry F. Bruns had agreed to assign to the plaintiff in error an interest in certain property and stocks, either to protect the plaintiff in error against the payment of the note or as an inducement to the signing thereof, such assignment was never consummated. The trial court found and adjudged that the note in question was executed solely as an accommodation note.
 

 At the close of the evidence of the superintendent of banks, plaintiff in error moved for a directed verdict, which was overruled. At the close of all the evidence, both plaintiff in error and defendant in error moved for a directed verdict, plaintiff in error, however, reserving the right, in case his motion should be overruled, to have the case submitted to the jury. The trial court overruled both motions ; found that the attempted assignment of this note to the State Exchange Bank by the heirs of Henry F. Bruns was not effective to transfer' the legal
 
 *70
 
 title therein to the State Exchange Bank; of his own motion decided that the action, which had been pleaded and tried as an action at law upon the note, should have been pleaded and heard as an action in equity, suggested an amendment of the pleadings, withdrew the case from the jury, ordered that new parties be made, reopened the case, and adjudged that the assignment of the note by the heirs of Henry F. Bruns to the State Exchange Bank, though not effective in law to transfer title, was effective in equity to accomplish an equitable transfer of title, and thereupon rendered judgment against the plaintiff in error for the face of the note, with interest; and, thereafter, in an attempt to do equity, rendered judgment in favor of the plaintiff in error against the estate of Henry F. Bruns for an equal amount. The judgment of the trial court was affirmed in the Court of Appeals.
 

 The courts below, after adjudging the note to be an accommodation note which matured in the possession of the person accommodated, rendered such a judgment as they would have been required to render had they found the note to have been executed for a valuable consideration, or that it had come into the possession of the State Exchange Bank in due course, and attempted to do equity to the plaintiff in error by rendering a judgment in his favor against the estate of the person accommodated. They required of him the performance absolutely and to the utmost that which he had in law agreed to perform only upon the happening of a certain contingency, with no showing of the happening of the contingency, and relegated him for relief to an estate which may or may not be
 
 *71
 
 solvent, but the insolvency of which is loudly proclaimed by the institution' and presence here of this cause. In effect, as courts of equity, they have required of him that he do for the creditors of the State Exchange Bank that which he agreed to do for the creditors of the Exchange Bank of Henry F. Bruns and never agreed to do for the State Exchange Bank; and for recoupment, as courts of equity, have handed him a judgment against an estate of doubtful solvency — the right to hunt for a kernel in an empty shell.
 

 We have been unable to follow the courts below in their conclusion and judgment that the assignment by the heirs of Henry F. Bruns to the State Exchange Bank, ineffective to transfer the legal title, was effective to transfer the equitable title. Having decided that the note was an accommodation note, it follows that Henry F. Bruns in his lifetime had no personal interest therein nor in the proceeds thereof. The only beneficiaries of the note, from the date of its execution, in the absence of its transfer in due course, were the creditors of the Exchange Bank of Henry F. Bruns; and they were beneficiaries only in the event that the assets of the Exchange Bank of Henry F. Bruns were insufficient to meet its obligations, and in the further event that the assets of Henry F. Bruns other than the bank assets were insufficient to meet all obligations, including the obligations of the bank.
 

 While the heirs would be beneficially interested in such assets of the bank as exceeded its obligations, if any, that their ancestor had a beneficial interest in, they would not be beneficially interested in any event in accommodation assets of the bank that
 
 *72
 
 could never have inured to the personal enrichment of their ancestor. Their attempted assignment therefore was as effective in equity as an assignment by a total stranger to the bank and to the estate would have been, and no more so.
 

 We know of. no principle of equity which may be invoked to give validity to a transfer executed by a party who, under no circumstances, could have an interest in the property sought to be transferred, or in the proceeds thereof. If the title in the State Exchange Bank to the note can be sustained upon any theory, it must be upon the theory that the State Exchange Bank, without authority, seized the assets of the Exchange Bank of Henry P. Bruns and has since administered the estate of that bank, and by reason of that wrongful act is held to be a trustee
 
 de son tort;
 
 and while we know of no principle of equity which would enable the State Exchange Bank to assert or maintain a standing in a court of equity, based upon its own wrongful act, it may be that the situation here presented justifies a court of equity in permitting its liquidator to maintain this action for the benefit of creditors only, having always in mind that the approval by the superintendent of banks of the transfer of this note to the State Exchange Bank by the heirs of Henry P. Bruns adds nothing to its validity or legality, and that the bringing of this action by the superintendent of banks as liquidator of the State Exchange Bank in no way changes the relationship between the State Exchange Bank and this plaintiff in error or increases plaintiff in error’s liability beyond that which could be imposed were the superintendent of banks prosecuting this action as liquidator
 
 *73
 
 of the Exchange Bank of Henry F. Brnns, since in all proceedings brought by the superintendent of banks, as liquidator in behalf of the State Exchange Bank, his rights, with the possible exception of the right to invoke the equitable jurisdiction of the court, are the rights, and the rights only, that would have been the rights of the State Exchange Bank had it not been' forced into liquidation; and its rights, if any, were the rights that the Exchange Bank of Henry F. Bruns had prior to the seizure by the State Exchange Bank.
 

 We have not been able to follow the lower courts in entering judgment against the plaintiff in error, even upon the theory that the assignment amounted to an equitable assignment, since the assignment, such as it was, was made subsequent to the maturity of the note and with full knowledge upon the part of the cashier of the assignee, and, by virtue of such knowledge of its officer, the knowledge of the assignee itself, that it was an accommodation note. The State Exchange Bank, therefore, if it acquired title at all, acquired only such title as the Exchange Bank of Henry F. Bruns had in the note. That is, it acquired title as trustee for the creditors of the bank of Henry F. Bruns, and to only such portion of the obligation of the note as would be required to pay a deficit, if any, of the Exchange Bank of Henry F. Bruns existing after the assets of that bank and the assets of the estate of Henry F. Bruns had been exhausted; and before a recovery can be had it will be necessary to show that such deficit of the Exchange B'ank of Henry F. Bruns exists as cannot or could not have been recovered from the estate of Henry F. Bruns. In
 
 *74
 
 no event can the State Exchange Bank be permitted to enrich itself or enrich the estate of Henry F. Bruns by reason of the note of the plaintiff in error. In such a situation the burden is upon the plaintiff below to account for the assets of the Exchange Bank of Henry F. Bruns that came into the possession of the State Exchange Bank, and to prove, not only that such assets are or were insufficient to pay the indebtedness of such bank, but also to prove that the undiverted assets of the estate of Henry F. Bruns are or were insufficient to pay such indebtedness.
 

 The judgment will be reversed and the cause will be remanded to the court of common pleas for further proceedings according to law; and the recovery, if any, by the defendant in error, will be limited to such a sum as will equal the indebtedness which may be shown to be owing by the State Exchange Bank to the creditors of the Exchange Bank of Henry F. Bruns, which indebtedness of the Exchange Bank of Henry F. Bruns must be shown to have existed at the date of the death of Henry F. Bruns and must be shown to be an indebtedness that could not have been paid out of the assets of the Exchange Bank of Henry F. Bruns, or out of his estate, because of insufficiency-of assets, and in determining such insufficiency, diverted or distributed assets may not be deducted.
 

 Judgment reversed.
 

 Marshall, C. J., Bat, Allen and Matthias, JJ., concur.